**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAJOR G. TILLERY, | : | CIVIL ACTION NO. 07-2662 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| GEORGE W. HAYMAN, et al., | : | |
| | : | |
| Defendants. | : | |

**COOPER, District Judge**

Pro se plaintiff, Major G. Tillery, brought this action
pursuant to 42 U.S.C. § 1983 against George W. Hayman, Michelle
R. Ricci, Donald Mee, Alfred Kandell, Dena Farber, and Lieutenant
Jones (collectively, "defendants"), on June 7, 2007. (Dkt. entry
no. 1, Compl.) Plaintiff now moves for a temporary restraining
order ("TRO") and a preliminary injunction "preventing the
defedants [sic] from retaliating against him for exercising his
First Amendment rights to petition the court." (Dkt. entry no.
33, Mot. for TRO & Prelim. Inj.) Defendants oppose the motion.
(Dkt. entry no. 34, Defs. Resp.) The Court determines this
motion on briefs without an oral hearing, pursuant to Federal
Rule of Civil Procedure ("Rule") 78(b). The Court hereby issues
its findings of fact and conclusions of law in connection with
plaintiff's motion for a TRO and a preliminary injunction, as is
required by Rule 52. For the reasons stated herein, the Court
will deny plaintiff's motion.

**BACKGROUND AND FACTUAL FINDINGS**

Plaintiff is incarcerated in New Jersey State Prison ("NJSP").  (Compl.)  He has been assigned to the Management Control Unit ("MCU") of NJSP since 2005.  (Id.)  On September 4, 2008, plaintiff attended a hearing before the MCU Review Committee ("MCURC").  (Dkt. entry no. 33, Pl. Aff. at ¶ 6.)  At the hearing, plaintiff showed the MCURC materials, including Special Investigations Division reports, that had been produced during the course of discovery in this action ("legal materials").  (Id. at ¶¶ 6-7.)  Plaintiff had received the legal materials from defendants' attorney in response to plaintiff's discovery requests.  (Id. at ¶¶ 4-6; Defs. Resp. at 2.)  The legal materials contained confidential information not usually permitted for release to prisoners.  (Defs. Resp. at 1-2.)  After the hearing, corrections officers confiscated the legal materials from plaintiff.  (Pl. Aff. at ¶ 8.)

Plaintiff then wrote to the NJSP Special Investigations Division about the confiscation of his legal materials.  (Defs. Resp. at 2.)  Investigator Nancy Zook ("Zook") was assigned to investigate plaintiff's allegations.  (Id.)  Zook confirmed that the confiscated legal materials had been provided to plaintiff by defendants' attorney in response to discovery requests made in this action.  (Id.)  Zook authorized return of the legal materials to plaintiff, and plaintiff signed an inventory sheet

2

acknowledging return of his legal materials on September 11, 2008.  (Id.)

**CONCLUSIONS OF LAW**

Defendants argue that plaintiff is not entitled to the extraordinary remedy of a TRO and a preliminary injunction because plaintiff has not established that (1) he is likely to succeed on the merits, (2) he will be irreparably harmed if injunctive relief is not granted, and (3) the balance of equities favors injunctive relief. (Id. at 4-5.)  The Court finds that plaintiff has not satisfied the elements required for a TRO and a preliminary injunction, and thus, the Court will deny the motion. The findings and conclusions set forth in this opinion are preliminary only, based upon the state of the record at this stage in the litigation.  See Fed.R.Civ.P. 65(a).  The parties have preserved all rights to present their disputes to a fact-finder if the action proceeds in this Court.

**I.  Legal Standards Governing TROs and Preliminary Injunctions**

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). To obtain such interim relief, a movant must demonstrate both a likelihood of success on the merits and the probability of irreparable harm absent the injunction.  Frank's GMC Truck Ctr.,

Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).
Thus, in determining whether to issue a preliminary injunction,
the Court must consider whether (1) the movant has shown a
reasonable probability of success on the merits, (2) the movant
will be irreparably injured by denial of the relief, (3) granting
the preliminary relief will result in even greater harm to the
nonmoving party, and (4) granting the preliminary relief is in
the public interest.  ACLU of N.J. v. Black Horse Pike Reg'l Bd.
of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); AT&T Co. v.
Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir.
1994); see NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151,
153 (3d Cir. 1999).  The Court should issue an injunction "only
if the plaintiff produces evidence sufficient to convince the
district court that all four factors favor preliminary relief."
AT&T Co., 42 F.3d at 1427 (citation omitted); see NutraSweet Co.,
176 F.3d at 153 (noting that a plaintiff's failure to establish
any one of the four elements renders a preliminary injunction
inappropriate).

**A.   Reasonable Probability of Success on the Merits**

The party seeking a preliminary injunction must demonstrate
a "reasonable probability of eventual success in the litigation."
Bennington Foods LLC v. St. Croix Renaissance Group, LLP, 528
F.3d 176, 179 (3d Cir. 2008) (quotation and citation omitted).
In evaluating whether a movant has satisfied this first part of

the preliminary injunction standard, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a <u>prima</u> <u>facie</u> case showing a reasonable probability that it will prevail on the merits." <u>Oburn v. Shapp</u>, 521 F.2d 142, 148 (3d Cir. 1975).

**B.   Irreparable Injury**

"In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  Economic loss does not constitute irreparable harm." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994) (citations and quotations omitted). "Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of good will." <u>Kos Pharms.,</u> <u>Inc. v. Andrx Corp.</u>, 369 F.3d 700, 726 (3d Cir. 2004) (quotation and citation omitted).  Further, irreparable harm must be of a peculiar nature and incapable of pecuniary measurement.  <u>See</u> <u>id.</u> at 727.  More than a mere risk of irreparable harm must be demonstrated; rather, there must a clear showing of immediate irreparable injury or a presently existing actual threat.  <u>Cont'l</u> <u>Group, Inc. v. Amoco Chems. Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980).  An injunction "may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." <u>Id.</u> (quotation and citation omitted).

C.   **Harm to Nonmoving Party**

The Court must also analyze whether the defendant will suffer irreparable harm if the preliminary injunction is granted. Kos Pharms., Inc., 369 F.3d at 727.  If the Court finds that such temporary relief may irreparably harm the defendant, then it must "balance the hardships" to ensure that the injunction does not harm the defendant more than denial of the injunction would harm the plaintiff.  Id.; see also Constr. Drilling, Inc. v. Chusid, 63 F.Supp.2d 509, 513 (D.N.J. 1999) (stating that courts must "balance the hardships to the respective parties" in determining whether to issue a preliminary injunction).

D.   **The Public Interest**

The public interest will almost always favor the plaintiff, if the plaintiff demonstrates both a likelihood of success on the merits and irreparable injury.  AT&T Co., 42 F.3d at 1427 n.8.

II.  **Legal Standards Applied Here**

Defendants argue that plaintiff cannot show that he will sustain irreparable harm absent injunctive relief or that his available legal remedies are inadequate because plaintiff's legal materials have already been returned to him.  (Defs. Resp. at 4-5.)  Defendants also assert that plaintiff cannot show that he is likely to succeed on the merits or that the balance of equities favors injunctive relief.  (Id.)  The Court finds that injunctive

relief is inappropriate because plaintiff has failed to show that
he will be irreparably harmed absent injunctive relief.

Plaintiff's application for injunctive relief stems from the
confiscation of his legal materials.  (See Pl. Aff. at ¶¶ 6-10.)
Plaintiff's legal materials were returned to him one week after
they were taken.  (See Defs. Resp. at 1-2.)  Plaintiff has
neither alleged any other specific acts of retaliation against
him, nor alleged a real or immediate threat that his legal
materials will be confiscated again in the future.  (See Mot. for
TRO & Prelim. Inj.; Pl. Aff.)  The Court thus finds that
plaintiff has not demonstrated that he will be irreparably harmed
without injunctive relief.  See Cont'l Group, Inc., 614 F.2d at
359 (requiring a clear showing of immediate irreparable injury or
a presently existing actual threat for injunctive relief); see
also Anderson v. Davila, 125 F.3d 148, 163-64 (3d Cir. 1997)
(stating injunctive relief is inappropriate where movant cannot
show harm is ongoing or that there is a real or immediate threat
of its reappearance in the near future); Bacon v. Taylor, 419
F.Supp.2d 635, 638 (D. Del. 2006) (finding no irreparable injury
where prisoner did not allege that he had been irreparably
injured and made only vague and conclusory allegations about
possible future harm).

It is unnecessary for the Court to address the remaining
factors in the injunctive relief analysis.  To obtain injunctive

relief, the movant must show that all four factors favor injunctive relief.  <u>AT&T Co.</u>, 42 F.3d at 1427.  The movant's failure to establish any one of the four factors renders injunctive relief improper.  <u>See</u> <u>NutraSweet Co.</u>, 176 F.3d at 153. Here, plaintiff cannot establish irreparable harm absent an injunction.  Thus, even if plaintiff shows that the remaining factors favor injunctive relief, such relief is inappropriate because of plaintiff's failure to show irreparable harm.  <u>See</u> <u>Frank's GMC Truck Center</u>, 847 F.2d at 102 (stating that injunctive relief cannot be granted where movant has not demonstrated probability of irreparable harm); <u>Carabello v.</u> <u>Beard</u>, 468 F.Supp.2d 720, 726 (E.D. Pa. 2006) (emphasizing that movant's "[f]ailure to establish . . . irreparable harm warrants denial of the extraordinary remedy of a preliminary injunction").

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny plaintiff's motion for a TRO and a preliminary injunction.  The Court will issue an appropriate order.


      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated: December 22, 2008

8